UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK W. MASON,

       Petitioner,

v.

BLAINE LAFLER,

       Respondent,
_____/

Case Number 06-15476
Honorable David M. Lawson

## ORDER GRANTING THE PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Derrick W. Mason, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated by the Michigan Department of Corrections in violation of the Constitution of the United States. The Court denied Mr. Mason's petition on February 22, 2010, and the petitioner filed a notice of appeal. The matter is now before the Court on the petitioner-appellant's motion for a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The petitioner filed his petition for a writ of habeas corpus arguing that there was insufficient evidence to convict him of first-degree premeditated murder and that the trial court deprived him of due process by refusing to instruct the jury on the offense of voluntary manslaughter. The Court rejected the petitioner's claims on the merits. The Court now finds that reasonable jurists could not debate that this Court correctly dismissed both of the petitioner's claims. Therefore, the Court will deny the petitioner a certificate of appealability.

The petitioner also filed an application to proceed *in forma pauperis* on appeal. The docket indicates that the petitioner paid the $5 filing fee when he filed his petition in this Court. *See* 28 U.S.C. § 1914. Therefore, the petitioner is not automatically authorized to appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24(a)(3) and must show that he qualifies for such status. Because the "good faith" requirement of 28 U.S.C. § 1915(a)(3) does not apply to habeas petitions, *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997), this Court may authorize the prosecution of any appeal without the prepayment of fees by a prisoner who shows that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). The petitioner has submitted the required information, and the Court finds the defendant qualifies for *in forma pauperis* status. The petitioner's request will therefore be granted.

Accordingly, it is **ORDERED** that the petitioner's motion for certificate of appealability [dkt. # 13] is **DENIED**.

It is further **ORDERED** that the petitioner's application to proceed *in forma pauperis* [dkt. # 14] is **GRANTED**.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated: March 25, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2010.

         s/Teresa Scott-Feijoo
         TERESA SCOTT-FEIJOO